UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Dammean R. Moss, # 739828,

        Plaintiff,

Case No. 23-12119
Honorable Gershwin A. Drain

v.

Andrew Dyer, et al.,

        Defendants.
_____/

**OPINION AND ORDER DISMISSING CASE AND
GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Plaintiff Dammean R. Moss, a prisoner in the custody of the Michigan Department of Corrections, has filed a civil rights complaint under 42 U.S.C. § 1983. Moss, who is proceeding *pro se*, claims that defendants have violated his rights under the Eighth, Fifth, and Fourteenth Amendments. He is proceeding without prepayment of the filing fee under 28 U.S.C. § 1915(a)(1). For the following reasons, the Court holds that the complaint fails to state a claim upon which relief may be granted and dismisses the case.

**I. Legal Standard**

Moss has been granted leave to proceed without prepayment of the filing fee for this action. Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service if it determines the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it lacks

an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)).

To state a federal civil rights claim, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978). A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## II. The Complaint

Moss names four MDOC employees who worked at the St. Louis Correctional Facility during the relevant time as defendants: Assistant Deputy Warden Andrew Dyer, Resident Unit Manager Wendi Walworth, Grievance Coordinator K. Parsons, and Assistant Deputy Warden Becky Carl. Moss states that, beginning in June 2021, he was assigned to a unit called "6 Block/GRAD unit" and remained there for approximately 112

days.[1] (ECF No. 1, PageID.4, 11.) Moss alleges that the conditions of the 6 Block/GRAD unit are "hostile", "harsh", and "degrading." (*Id.* at PageID.4.) He describes the unit as "equivalent to being in seg[regation]." (*Id.* at PageID.11.) Prisoners in the unit were limited to one hour of "yard/exercise" a day, and, depending on scheduling, sometimes the exercise hour was held in the dayroom rather than outside. (*Id.*) Moss claims that the lack of exercise was detrimental to his physical and mental health. (*Id.*) Moss filed grievances concerning the conditions of this unit but maintains that the grievances were denied as part of a conspiracy to hide the true conditions of the unit. Moss seeks monetary and injunctive relief.

### III. Discussion

Moss's complaint fails to state a claim for relief for multiple reasons. First, Moss's claims are based primarily upon defendants'' responses to grievances. The First Amendment guarantees "the right of the people ... to petition the Government for a redress of grievances." U.S. Const. amend. I. A prisoner has a First Amendment right to file grievances against prison officials, *see Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000), but the First Amendment does not impose an affirmative obligation on the government to consider, respond to, or grant any relief on a petition for redress of

---

[1] In an attachment to the complaint, GRAD is identified as an acronym for Gradual Reduction Assessment Development. (ECF No. 1, PageID.24.) The program is "designed to allow for alternative to general population placement for prisoners who are resistant or disruptive when engaging in group activities common in a traditional general population." (*Id.*)

grievances.  *See Smith v. Arkansas State Highway Employees*, *Local 1315*, 441 U.S. 463, 464-65 (1979); *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) ("A citizen's right to petition the government does not guarantee a response to the petition or the right to compel government officials to act on or adopt a citizen's views.").

Because a prisoner also does not have a constitutionally-protected interest in an inmate grievance procedure or the right to an effective procedure, Moss's claim that Defendants failed to properly or adequately respond to his grievances fails to state a claim on which relief may be granted.  *See O'Brien v. Michigan Dep't of Corr*., 592 F. App'x 338, 341 (6th Cir. 2014) (holding that the denial of an administrative grievance was "insufficient to show personal involvement in the alleged unconstitutional conduct as required to state a claim under § 1983"); *Johnson v. Aramark*, 482 F. App'x 992, 993 (6th Cir. 2012) ("the denial of a grievance or the failure to act upon the filing of a grievance is insufficient to establish liability under § 1983").

Second, Moss's allegation concerning limitation of recreation to one hour a day fails to state a claim.  The Eighth Amendment prohibits prison conditions that deprive inmates of "the minimal civilized measure of life's necessities," *Rhodes v. Chapman*, 452 U.S. 337, 347, (1981), but does not bar every unpleasant experience a prisoner might endure.  *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir.1987)).  "'[T]otal or near-total deprivation of exercise or recreational opportunity, without penological justification, violates Eighth Amendment guarantees.'" *Rodgers v. Jabe*, 43 F.3d 1082, 1086 (6th Cir. 1995) (quoting *Patterson v. Mintzes*, 717 F.2d 284, 289 (6th Cir. 1983)).  But temporary

deprivation of yard privileges is insufficient to state an Eighth Amendment claim. The Sixth Circuit Court of Appeals "has never set a minimum amount of time a prisoner must have access to outdoor recreation." *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003).

Moss does not claim that he has been denied all, or nearly all, opportunity for recreation. Instead, he states that he was limited to one hour of recreation/exercise time a day. This schedule does not violate the Eighth Amendment. *See Davenport v. DeRobertis*, 844 F.2d 1310 (7th Cir. 1988) (upholding a 90-day segregation threshold before five hours of weekly out-of-cell exercise is required); *Coleman v. Granholm*, No. 06-12485, 2008 WL 919642, at *3 (E.D. Mich. Apr.2, 2008) (finding no Eighth Amendment violation where prisoners in administrative segregation are allowed to exercise outside their cell for one hour a day, five days a week), *aff'd*, 413 F. App'x 866, 875 (6th Cir. 2011); *LaPlante v. Lovelace*, No. 2:13-cv-32, 2013 WL 5572908, at *16, (W.D. Mich. Oct. 9, 2013) (no constitutional deprivation where the plaintiff was offered indoor recreation on only seven occasions over two month period).

Moss did not suffer a complete or near-complete deprivation of yard privileges. His recreation time of one hour per day did not fall beneath the minimal civilized measures of life's necessities under contemporary standards of decency. *See Rhodes,* 452 U.S. at 347. Therefore, the complaint fails to state a claim under the Eighth Amendment.

In addition, Moss fails to allege that Defendants were personally involved in controlling his particular amount of exercise time. A claimed constitutional violation

must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008). Section 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). The acts of one's subordinates are not enough. *Grinter*, 532 F.3d at 576. Other than the mere failure to act, Moss does not allege specific conduct by any Defendant to limit his exercise time. Accordingly, he fails to state a claim against them.

Moss contends that Defendants conspired to keep the true conditions of 6 Block/Grad unit hidden. To state a conspiracy claim under § 1983, a plaintiff must allege facts sufficient to show: "(1) a single plan existed, (2) the conspirators shared a conspiratorial objective to deprive the plaintiff[ ] of [his] constitutional rights, and (3) an overt act was committed." *Revis v. Meldrum*, 489 F.3d 273, 290 (6th Cir. 2007). "It is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987). Moss fails to satisfy this pleading standard. His conspiracy claim is vague and conclusory. As such, it is insufficient to state a civil rights claim under § 1983. *See Twombly*, 550 U.S. at 557 ("[A] naked assertion of conspiracy" fails to satisfy notice-pleading standards.)

Moss next asserts that Defendants violated his rights under the Fifth and Fourteenth Amendments. (ECF No. 1, PageID.8.) "[T]he Fifth Amendment's Due Process Clause circumscribes only the actions of the federal government." *Scott v. Clay Cty., Tenn.*, 205 F.3d 867, 873 n.8 (6th Cir. 2000). Moss raises his claims only against state actors so he may not maintain a Fifth Amendment claim.

"The Fourteenth Amendment protects an individual from deprivation of life, liberty or property, without due process of law." *Bazetta v. McGinnis*, 430 F.3d 795, 801 (6th Cir. 2005). To establish a Fourteenth Amendment procedural due process violation, a plaintiff must show that one of these interests is at stake. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Analysis of a procedural due process claim involves two steps: "[T]he first asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient." *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989).

The Supreme Court long has held that the Due Process Clause does not protect every change in the conditions of confinement having an impact on a prisoner. *See Meachum v. Fano*, 427 U.S. 215, 225 (1976). In *Sandin v. Conner*, 515 U.S. 472, 484 (1995), the Court set forth the standard for determining when a state-created right creates a federally cognizable liberty interest protected by the Due Process Clause. A prisoner is entitled to the protections of due process only when the sanction "will inevitably affect

7

the duration of his sentence" or when a deprivation imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 486-87.

Claims about security classification and facility placement do not establish a liberty interest. This is so because "the Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) (citing *Meachum*, 427 U.S. at 225).

Moss did not have a liberty interest "in avoiding transfer to more adverse conditions of confinement," *id.* (citing Meachum v. Fano, 427 U.S. 215, 225 (1976)), or in his housing placement, *Montanye v. Haymes*, 427 U.S. 236, 242 (1976). Moss has not set forth any facts from which the Court can find that the conditions of his confinement in 6 Block/Grad unit imposed an "atypical and significant hardship ... in relation to the ordinary incidents of prison life." *Wilkinson*, 545 U.S. at 221–22. Thus, he has not set forth a plausible due-process claim.

### IV.  Conclusion

Plaintiff fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983. Accordingly, the Court DISMISSES the complaint pursuant to 28 U.S.C. § 1915(e)(2). The Court certifies that an appeal from this decision could be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

SO ORDERED.

Dated: November 20, 2023  /s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge


CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
November 20, 2023, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager