UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAMMEAN R. MOSS,

        Plaintiff,

                                       Case No.: 23-12119

v.                                   Honorable Gershwin A. Drain

ANDREW DYER, *et al*.,

        Defendants.

_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [#8] AND MOTION TO AMEND COMPLAINT[#9]

### I.    INTRODUCTION

On November 27, 2023, this Court entered an Opinion and Order Dismissing Plaintiff's 42 U.S.C. § 1983 Complaint for failure to state Fifth, Eighth and Fourteenth Amendment claims.  In its November 27, 2023 Opinion and Order, the Court found that because Plaintiff does not have a constitutionally protected right to an inmate grievance procedure or the right to an effective procedure, his claim that Defendants failed to adequately respond to his grievances concerning 6 Block/GRAD's conditions at the St. Louis Correctional Facility do not state a claim upon which relief may be granted.  Further, Plaintiff's allegations concerning limited recreational privileges failed to state an Eighth Amendment claim.

Additionally, the lack of any allegations that the named defendants specifically conspired to deprive him of recreational privileges also render his claims meritless.

Now before the Court is the Plaintiff's Motion for Reconsideration, filed on January 12, 2024. Also, before the Court is the Plaintiff's Motion to Amend Complaint, likewise filed on January 12, 2024. For the following reasons, the Court denies Plaintiff's Motion for Reconsideration and Motion to Amend Complaint.

## II.    LAW & ANALYSIS

### A.   Motion to Reconsider

Rule 59(e) permits district courts to alter, amend, or vacate a prior judgment. *See* Fed. R. Civ. P. 59(e); *Huff v. Metropo. Life Insur. Co*., 675 F.2d 119, 122 (6th Cir. 1982). The purpose of Rule 59(e) is "to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings[.]" *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (quoting *York v. Tate*, 858 F.2d 322, 326 (6th Cir. 1988)). It permits district courts to amend judgments where there is: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005). The grant or denial of a Rule 59(e) motion is within the informed discretion of the district court. *Huff*, 675 F.2d at 122.

Rule 60(b) states, in relevant part:

> (b) Grounds for Relief from a Final Judgment, Order or Proceeding.  On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1)  mistake, inadvertence, surprise, or excusable neglect[.]

Fed. R. Civ. P. 60(b)(1).

Plaintiff is not entitled to relief under Rule 59 or Rule 60(b)(1) because he has not identified any mistake with this Court's November 27, 2023 Opinion and Order.  Plaintiff's Motion raises the same allegations of limited recreation time without further specificity concerning the named defendant's specific conduct.  Accordingly, his motion to reconsider will be denied.

## B.   Motion to Amend

Plaintiff's Motion to Amend must also be denied.  First, the Court denotes that Plaintiff fails to attach his proposed amendment to his motion.  Local Rule 15.1 states that:

> A party who moves to amend a pleading shall attach the proposed amended pleading to the motion.  Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must, except by leave of court, reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference.

E.D. Mich. L.R. 15.1. Additionally, while Rule 15(a)(2) provides for a "liberal amendment policy," leave to amend should be denied when there is

"undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment [and] futility of amendment." *Brown v. Chapman*, 814 F.3d 436, 442-43 (6th Cir. 2010).  A proposed amendment is considered futile if "the amendment would not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins*. Co., 203 F.3d 417, 420 (6th Cir. 2000).

Plaintiff's Motion to Amend is devoid of any proposed allegations that would rectify the pleading deficiencies in his original complaint. Accordingly, any amendment would be futile and leave to amend will be denied.

## III.       CONCLUSION

Accordingly, Plaintiff's Motion for Reconsideration [#8] is DENIED.

Plaintiff's Motion to Amend [#9] is also denied.

SO ORDERED.

Dated:  March 11, 2024                    /s/Gershwin A. Drain
                                          GERSHWIN A. DRAIN
                                          United States District Judge

4

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
March 11, 2024, by electronic and/or ordinary mail.

/s/ Lisa Bartlett
Case Manager